IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEVIN PUGH,                                    )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )        Case No. 2:25-cv-757-RAH-SMD
                                               )
STATE OF ALABAMA,                              )
                                               )
        Defendant.                             )

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 22, 2025, pro se plaintiff Devin Pugh ("Pugh") filed a complaint against the State of Alabama alleging violations of the First, Sixth, and Fourteenth Amendments. Compl. (Doc. 1). Pugh also filed a Motion to Proceed *in Forma Pauperis* and an accompanying financial affidavit. Mot. (Doc. 2).

Upon consideration of Pugh's motion and supporting documentation, it is ORDERED that the motion (Doc. 2) is GRANTED. Therefore, Pugh's complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). As explained below, Pugh's complaint is frivolous and due to be dismissed without opportunity to amend.

## I.    LEGAL STANDARDS

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss an *in forma pauperis* complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim may be frivolous on either factual or legal grounds. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A finding of legal frivolousness is appropriate when, *inter alia*, the plaintiff "seeks to enforce a right which clearly does not exist." *Tucker v. Trump*, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017) (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are ""merely consistent with" a

2

defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## II.    ANALYSIS

### A. Sixth and Fourteenth Amendment Claims

A plaintiff bears the burden of showing he has standing to bring his claims. *Nat'l All. for Mentally Ill, St. Johns Inc. v. Bd. of Cnty. Comm'rs of St. Johns Cnty.*, 376 F.3d 1292, 1294 (11th Cir. 2004). To establish standing, "a party must demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 162 (1997)) (internal quotation marks and citations omitted). An injury in fact "consists of 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (2020) (quotation marks omitted). Critically, a party asserting a generalized grievance about the proper application of the Constitution—seeking relief

that no more tangibly benefits him than it does the public at large—lacks Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573-74 (1992).

Here, Pugh has not alleged an injury in fact sufficient to establish standing. In relevant part, Pugh's claim states:

> Hello I am writing this to file complaint against the state of Alabama for violations of my constitutional right of the 6th amendment which gives me the right to an impartial jury in every criminal case. This should also include civil cases to remove basis [sic], racist, prejudice etc. in violation of the 14th amendment [illegible] for equal protection. in all cases criminal or civil, there should be a jury until otherwise waived by the defendant basically outlawing Bench trials until otherwise waived by the defendant, including your right to an attorney in all cases.

Compl. (Doc. 1) pp. 1-2. Although Pugh correctly asserts that the Sixth Amendment provides a right to an impartial jury in *criminal* prosecutions, he fails to allege a deprivation of that right. Instead, Pugh merely states a generalized grievance about the applicability of the Sixth Amendment in civil cases. Pugh seeks "a writ of mandamus or judgment to compel the state of Alabama to impose a rule [illegible] trial jury in every case until waived by defendant." Compl. (Doc. 1) p. 2. Pugh alleges no facts showing the relief he seeks will directly or tangibly benefit him more than it would the public at large. Further, this Court cannot alter the text of the Sixth Amendment, nor can it order the State of Alabama to do so. Because Pugh's claim is based on a generalized grievance regarding the Sixth Amendment and not on a concrete and particularized injury he personally suffered, Pugh lacks standing. *Lujan*, 504 U.S. at 573-74.

### B. First Amendment Claim

As best the undersigned can tell, Pugh purports to assert a First Amendment claim related to a VR Chat video game.[1] Pugh states: "VR Chat is a virtual reality video game played on the oculus quest headset made by Facebook/Meta." Compl. (Doc. 1) p. 2. Pugh claims that this video game needs speech monitoring to screen out racist and sexist language and argues that an "owner can not unilaterally kick out another user." *Id.* Pugh asks this Court for a "speech monitoring feature with a vote kick or [illegible] another user."

Pugh does not assert that the State of Alabama has violated his First Amendment rights, nor does he allege any connection between the VR Chat video game and the State of Alabama. Because Pugh's First Amendment claim is based on Pugh's opinion about a video game feature and not on a concrete and particularized injury he personally suffered, Pugh lacks standing and his claim is frivolous. *Lujan*, 504 U.S. at 573-74.

### VI.   OPPORTUNITY TO AMEND

Generally, a pro se plaintiff must be afforded at least one opportunity to amend his complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Here, Pugh does not have standing to bring his claims, and no amendment can cure his deficiency. *Garcia*, 336 F.

---

[1] Pugh's handwritten complaint states: "grounds- 1st amendment, 14th amendment, 6th amendment."

App'x at 859. As Pugh's complaint is legally frivolous, his complaint should be dismissed without opportunity to amend. *See, e.g.*, *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.")[2]

## VII.    CONCLUSION

Because Pugh's complaint is legally frivolous, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Pugh's complaint (Doc. 1) be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B) and that Pugh should not be afforded an opportunity to amend. Further, it is

ORDERED that Pugh shall file any objections to this Recommendation **on or before November 13, 2025**. Pugh must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Pugh from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

---

[2] Notably, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation here of dismissal without amendment. As explained in section V of this Recommendation, Pugh may file objections to the undersigned's findings, thus affording him the opportunity to be heard about the deficiencies of his complaint prior to its dismissal.

to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-

1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v.*

*City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 30th day of October, 2025.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE